Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000859
16-MAY-2019
08:11 AM

NO. CAAP-15-0000859

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JUSTIN T. WOLCOTT, Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, STATE OF HAWAI'I,
Respondent-Appellee


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(JR. NO. 1DAA-15-0004)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Petitioner-Appellant Justin T. Wolcott (**Wolcott**) appeals from the October 2, 2015 Decision and Order Affirming Administrative Revocation (**Decision**) and the October 7, 2015 Judgment on Appeal (**Judgment**), both entered by the District Court of the First Circuit (**District Court**).[1] The District Court affirmed the ten-year administrative revocation of Wolcott's driver's license by Respondent-Appellee Administrative Director of the Courts, State of Hawai'i (the **Director**), acting through a hearings officer (**Hearings Officer**) of the Administrative Driver's License Revocation Office (**ADLRO**).[2]

On appeal, Wolcott contends that the District Court erred in holding that no foundation was needed to admit into

---

[1]    The Honorable Lono J. Lee presided.

[2]    Hawaii Revised Statutes (**HRS**) § 291E-1 (2007) provides that the term "Director[,]" as used in HRS chapter 291E, means "the administrative director of the courts or any other person within the judiciary appointed by the director to conduct administrative reviews or hearings or carry out other functions relating to administrative revocation under part III [Administrative Revocation Process]."

evidence the document later identified as a printout from the Problem Driver Pointer System (**PDPS Printout**) because the document was not a sworn statement.  For the reasons set forth below, we affirm the Decision and Judgment.

## I.

Judicial review of the Director's decision to administratively revoke a driver's license is governed by HRS § 291E-40 (2007).  HRS § 291E-40(c) provides:

> The sole issues before the court shall be whether the [D]irector:
> (1)   Exceeded constitutional or statutory authority;
> (2)   Erroneously interpreted the law;
> (3)   Acted in an arbitrary or capricious manner;
> (4)   Committed an abuse of discretion; or
> (5)   Made a determination that was unsupported by the evidence in the record.

This is a secondary appeal from the District Court's review of the Director's decision to administratively revoke Wolcott's driver's license.  We review the District Court's decision under the right/wrong standard.  Brune v. Admin. Dir. of the Cts., 110 Hawai‘i 172, 176-77, 130 P.3d 1037, 1041-42 (2006).

## II.

On appeal, it appears that Wolcott is arguing that he was denied due process because the Hearings Officer did not lay proper foundation before admitting the PDPS Printout into evidence.  At the administrative hearing, Wolcott's counsel inquired as to why the period of administrative revocation for Wolcott's driver's license was ten years.[3]  Wolcott's counsel

---

[3]     HRS § 291E-41 (Supp. 2014) governs the period of administrative revocation.  It states, in relevant part:

> (b)     ... The periods of administrative revocation, with respect to a license and privilege to operate a vehicle, that shall be imposed under this part are as follows:
>
> . . . .
>
> (4) A minimum of five years up to a maximum of ten years revocation of license and privilege to operate a

(continued...)

2

stated that he was only aware of two prior alcohol enforcement contacts in Hawai'i. The Hearings Officer read from an "abstract" in the case file, later identified as the PDPS Printout, that Wolcott had DUI offenses in the State of Oregon. During the administrative hearing, Wolcott's counsel argued:

> I'm going to move to strike any reference to the prior -- any prior alcohol enforcement contacts within the state of Oregon. And the reason is it's not a sworn statement. It is a -- it is a document that -- I don't have how it was generated. I don't know how it got to this office. It is an official government document, and an official government document needs to be a sworn statement to be admissible in this proceeding. And it is an unsworn statement that should not be considered for the period of revocation of my client.
>
> . . . .
>
> [WOLCOTT'S COUNSEL]: It needs to be a sworn statement.

There is no requirement that evidence of prior alcohol enforcement contacts must be in the form of a sworn statement. In McGrail v. Admin. Dir. of the Cts., 130 Hawai'i 74, 305 P.3d 490 (2013), this court examined the legislative intent underlying HRS Chapter 291E, Part III. "In establishing this process, the Legislature emphasized the importance of sworn statements by requiring them for police and government officers playing key roles in the revocation process." Id. at 79, 305 P.3d at 495. For example, HRS § 291E-36(a) (2007) mandates that the sworn statements of the arresting officer, the person responsible for maintenance of the testing equipment, and the person who conducted the test be submitted immediately to the Director for the initial administrative review. Unlike the sworn statements of police and government officials making crucial decisions that affect the revocation process, prior alcohol enforcement contacts are not required to be in the form of sworn statements. See HRS § 291E-36(b)(4).

---

[3] (...continued)
vehicle, if the respondent's record shows three or more prior alcohol enforcement contacts or drug enforcement contacts during the ten years preceding the date the notice of administrative revocation was issued[.]

Moreover, the Hearings Officer was statutorily required to enter the PDPS Printout into evidence. HRS § 291E-38(f) (Supp. 2014), which governs administrative hearings, states in relevant part: "[t]he respondent's prior alcohol and drug enforcement contacts <u>shall be entered into evidence</u>." (emphasis added); <u>see also</u> HRS § 291E-36(b)(4).[4] To the extent Wolcott contested the evidence of prior alcohol enforcement contacts, he could have presented counter evidence, but did not. <u>See</u> HRS § 291E-38(d).

Accordingly, the District Court was not wrong when it concluded that evidence of Wolcott's prior alcohol enforcement contacts was not required to be in a sworn statement and affirmed the ADLRO's ten-year administrative revocation of Wolcott's license.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[4] HRS § 291E-36, entitled "Documents required to be submitted for administrative review; sworn statements," states in relevant part:

> (b) Whenever a respondent has been arrested for a violation of section 291E-61 or 291E-61.5 and refuses to submit to a test to determine alcohol concentration or drug content in the blood or urine, the following shall be forwarded immediately to the director:

> . . . .

> (4) A listing of all alcohol and drug enforcement contacts involving the respondent.

4

## III.

For the foregoing reasons, we affirm the Decision and Order Affirming Administrative Revocation and the Judgment on Appeal entered by the District Court of the First Circuit.

DATED: Honolulu, Hawai'i, May 16, 2019.

On the briefs:

Earle A. Partington,
for Petitioner-Appellant.

R. Patrick McPherson,
for Petitioner-Appellant.

Marissa H.I. Luning,
Deputy Solicitor General,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge